IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: BOSTON SCIENTIFIC CORP.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION         MDL No. 2326

THIS DOCUMENT RELATES TO:

*Pacheco et al. v. Boston Scientific Corporation*
Civil Action No. 2:16-cv-11673

## MEMORANDUM OPINION AND ORDER

Pending before the court is the Defendant's Motion to Dismiss with Prejudice [ECF No. 12] filed by Boston Scientific Corporation ("BSC"). The plaintiffs have not responded, and the time for responding has expired. Therefore, the Motion is ripe for adjudication. For the reasons stated below, the Motion is **GRANTED.**

BSC's Motion arises from this court's Order [ECF No. 11], entered on May 10, 2018, denying BSC's first Motion to Dismiss for failure to serve a Plaintiff Fact Sheet ("PFS") [ECF No. 9] in compliance with Pretrial Order ("PTO") # 175. In reaching this decision, I relied on *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th Cir. 1977), in which the Fourth Circuit identified four factors that a court must consider when reviewing a motion to dismiss on the basis of noncompliance with discovery. *See* Order at 4–7 (applying the *Wilson* factors to the plaintiffs' case).[1] Concluding that the first three factors weighed in favor of sanctions as requested by BSC, I

---

[1] The *Wilson* factors are as follows: (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson*, 561 F.2d at 503–06).

nevertheless declined to award the requested sanction of dismissal with prejudice because it would offend the court's duty under *Wilson*'s fourth factor, which is to consider the effectiveness of lesser sanctions. In recognition of this duty, I gave the plaintiffs a final chance to comply with the deadlines set forth in PTO # 175. I afforded them thirty days from the entry of the Order to submit to BSC a completed PFS, with the caveat that failure to do so may result in dismissal of their case with prejudice upon motion by BSC. Despite this warning, the plaintiffs have again failed to comply with this court's orders and did not provide BSC with a completed PFS within the thirty-day period. Consequently, BSC moved to dismiss with prejudice.

Because the less drastic sanction instituted against the plaintiffs has had no effect on their compliance with and response to this court's discovery orders, which they have continued to blatantly disregard, I find that dismissing BSC with prejudice is now appropriate. For the reasons explained in my May 10 Order, it is **ORDERED** that BSC's Motion to Dismiss [ECF No. 12] is **GRANTED**, and BSC is **DISMISSED with prejudice.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: July 19, 2018

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE